
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 2 3 2009

DAVID J MALAND, CLERK
BY
DEPUTY



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CYNTHIA SUE SEDTAL, and <br> DEREK FERGUSON <br> Individually and on Behalf of All Others <br> Similarly Situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> GENUINE PARTS COMPANY, <br> doing business as NAPA AUTO PARTS, et. al., <br><br> *Defendants.* | § § § § § § § § § § § § | CIVIL ACTION NO. 1:08-CV-413-TH <br> JURY |

## MEMORANDUM OPINION ON
## PLAINTIFFS' MOTION TO COMPEL

Before the Court is *Plaintiff Derek Ferguson's First Amended Motion to Compel* [Clerk's Docket No. 59], filed June 26, 2009. Having considered the motion, the response, the record and the applicable law, the Court is of the opinion that the motion should be granted.

### I. BACKGROUND

Plaintiff Cynthia Sue Sedtal is a current employee of a NAPA Auto Parts retail store located in Jasper Texas. Opt-in plaintiff Derek Ferguson previously worked at the same location.[1] In this putative collective action, Plaintiffs allege that Defendant Genuine Parts Company d/b/a Napa Auto

---

[1]Cynthia Sue Sedtal and Derek Ferguson are referred to collectively in this order as "Plaintiffs."

Parts ("NAPA"), Thomas C. Gallagher, and Frankie James Warden (collectively "Defendants") violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA"), by failing to pay overtime wages. Allegedly, Defendants required Plaintiffs (and others similarly situated) to work overtime "off the clock," while Defendants' store managers changed time records to show that their employees had not worked overtime.

NAPA is a retail and wholesale distributor of automotive replacement parts and supplies. The company operates a network of 848 company-owned retail stores and 58 "Distribution Centers" across the United States. The Jasper retail location where Plaintiffs work(ed) is one of twenty-nine retail stores serviced by a Distribution Center located in Houston, Texas. NAPA refers to these twenty-nine stores as its "Houston District." These geographic divisions are relevant to the parties' current discovery dispute.

In the instant motion, Plaintiffs seek to compel Defendants to fully and completely respond to certain interrogatories and requests for production. The disputed requests seek discovery of three general types: (1) documents and information about NAPA employees who were disciplined for changing time records (2) the names of NAPA managers who were discharged, fired, terminated, or otherwise separated from NAPA stores in four Texas counties in the last year (3) correspondence to or from four individuals regarding Derek Ferguson or time record alteration.

Defendants generally oppose the motion by arguing that all of the interrogatories and requests for production are inappropriate because they are "vague and ambiguous, overbroad, unduly burdensome and see[k] information which is not relevant to the subject matter of the instant litigation and not reasonably calculated to lead to the discovery of admissible evidence."

Additionally, in specific opposition to Interrogatory No. 17, Defendants argue that Plaintiffs' request for nationwide information about disciplined employees is inappropriate because Plaintiffs' putative collective action has not yet been conditionally certified. Appreciating these argument requires some understanding of the particular approach to class certification used in FLSA cases.

## II. THE FLSA

The FLSA requires covered employers to pay overtime rates to nonexempt employees for time worked in excess of statutorily defined hour limits. *Maynor v. Dow Chem. Co.*, No. G-07-054, 2008 U.S. Dist. LEXIS 42488, at *11-12, 2008 WL 2220394 (S.D. Tex. May 28, 2008) (Rosenthal, J.) (citing 29 U.S.C. § 207(a)). Employers who violate this overtime compensation requirement may be sued in a collective action by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id.* (citing 29 U.S.C. § 216(b)); *Hampshire v. Port Arthur Indep. Sch. Dist.*, No. 1:06-CV-235, 2006 U.S. Dist. LEXIS 88874, at *3 (E.D. Tex. Dec. 7, 2006) (Crone, J.). A collective action is similar to a class action brought under Rule 23 of the Federal Rules of Civil Procedure. *Belt v. EmCare, Inc.*, 299 F. Supp. 2d 664, 665 (E.D. Tex. 2003) (citing *Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201, 1206-07 (5th Cir. 1981)). But, it is different from a class action in that absent class members do not share in the recovery (and are not bound by the judgment) unless they specifically opt into the class upon receiving notice of the action. *Id.* (citing *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 897 n.32 (E.D. Tex. 1997)); *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003) (an action brought under the FLSA follows an "opt-in" rather than an "opt-out" procedure).

District courts have discretion to conditionally certify a collective action and to authorize that

3

notice be sent to potential class members. *Allen v. McWane, Inc.*, No. 2:06-CV-158, 2006 U.S. Dist. LEXIS 81543, at *11, 2006 WL 3246531 (E.D. Tex. Nov. 7, 2006) (citing *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170-71 (1989)). However, the court should only conditionally certify a class and order that notice be sent if the plaintiffs show that other employees are "similarly situated." *Songer v. Dillon Resources, Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008); *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.).

Courts generally use one of two approaches to determine whether to authorize notice to similarly situated employees: the "two-step" analysis developed in *Lusardi v. Xerox Corporation*, 118 F.R.D. 351 (D.N.J. 1987), or the "spurious" class action procedure discussed in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). *Maynor*, 2008 U.S. Dist. LEXIS 42488, at *12; *Hampshire*, 2006 U.S. Dist. LEXIS 88874, at *5 (citing *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)). The Fifth Circuit Court of Appeals has never specifically endorsed either methodology. *Songer*, 569 F. Supp. 2d at 706. It reviewed both in *Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir. 1995), but ultimately found it unnecessary to decide which was appropriate. *Villatoro*, 286 F. Supp. 2d at 809. Nevertheless, in *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975), the Fifth Circuit found a "fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b)" because Rule 23 classes are "opt-out" while those under the FLSA are "opt-in." *Songer*, 569 F. Supp. 2d at 706 (quoting *LaChappelle*, 513 F.2d at 288); *Villatoro*, 286 F. Supp. 2d at 809 (same). The Circuit stated that "it is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits." *LaChappelle*, 513 F.2d at 288. So, while the Fifth Circuit may not have explicitly endorsed the *Lusardi* "two-step," these statements certainly caution against use of the *Shushan* method.

Furthermore, the two-step approach is the predominant test used by federal courts in the similarly-situated analysis. *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004) (stating that most courts have employed or implicitly approved the two-step method); *Maynor*, 2008 U.S. Dist. LEXIS 42488, at *13-14 (citing case examples); *Hampshire*, 2006 U.S. Dist. LEXIS 88874, at *6 (same). Both Plaintiffs and Defendants have acknowledged this fact in their briefs on class certification. (Pl.s' Mot. for Class Certification at 10); (Def.s' Resp. to Pl.s' Mot. for Class Cert. at 12). Therefore, in accordance with the majority approach and the parties' preference, the Court will employ the two-step approach when the time comes.

The first step of the analysis occurs at the "notice stage" when the district court decides whether to issue notice to potential class members. *Mooney*, 54 F.3d at 1213. The Court's decision is often based only on the pleadings and affidavits that have been submitted. *Id.* "Because the court has minimal evidence, this determination is made using a fairly lenient standard" which "typically results in conditional certification of a representative class" that provides potential class members with notice and the opportunity to opt-in. *Id.* at 1214 n.8. Still, even this lenient standard seems to require substantial allegations that potential members "were together the victims of a single decision, policy, or plan." *Id.* (citing *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). And, there must be a factual basis for the allegations in order to satisfy the first step. *Maynor*, 2008 U.S. Dist. LEXIS 42488, at *14-15 (citing *Hall v. Burk*, No. 3:01-CV-2487-H, 2002 U.S. Dist. LEXIS 4163, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002); *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)). If the first step is satisfied, the court conditionally certifies a class; and the action proceeds as a collective action during discovery. *Mooney*, 54 F.3d at 1214.

The second step of the *Lusardi* approach usually occurs near the end of discovery when the

defendant moves to "decertify" the class. *Id.* (citing *Lusardi*, 118 F.R.D. at 359). The court then makes another factual determination about whether there are similarly situated employees. *Id.* If the court finds that the employees are similarly situated, the collective action proceeds. *Maynor*, 2008 U.S. Dist. LEXIS 42488, at *16 (citing *Mooney*, 54 F.3d at 1214). But, "[i]f the court finds that the employees are not sufficiently similar, the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiffs proceed on their individual claims." *Hampshire*, 2006 U.S. Dist. LEXIS 88874, at *6 (citing *Mooney 54 F.3d at 1214; Johnson v. TGF Precision Haircutters, Inc.*, 319 F. Supp. 2d 753, 754 (S.D. Tex. 2004); *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

It is important to keep this unique framework in mind when considering the instant discovery disputes. But, before turning to the substance of those disputes, the Court reviews some global discovery rules.

### III. DISCOVERY PRINCIPLES

In general, parties may obtain discovery regarding any nonprivileged matter that is relevant to the claim or defense of any party. FED. R. CIV. P. 26(b)(1). And, relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* The scope of discovery under the Federal Rules is liberally interpreted, since the purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Stone v. Unocal Termination Allowance Plan*, No. H-06-2770, 2007 U.S. Dist. LEXIS 33082 at *4, 2007 WL 1341441 (S.D. Tex. May 7, 2007) (citing *United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002)),

*aff'd*, —F.3d—, 2009 U.S. App. LEXIS 11647, 2009 WL 1479405 (5th Cir. May 28, 2009). Discovery pursuant to the Federal Rules is a "broad...regime," *O2 Micro Int'l v. Monolithic Power Sys.*, 467 F.3d 1355, 1366 (5th Cir. 2006), and the Local Rules for the Eastern District of Texas reflect this. LOCAL RULE CV-26(d) provides guidelines for the Court to follow when determining whether a particular piece of information is "relevant to the claim or defense of any party."[2]

A party may object to a discovery request on the grounds that what is sought is privileged, irrelevant, or overly broad, FED. R. CIV. P. 26(b)(1); is unreasonably cumulative or duplicative, or can be obtained from another source that it more convenient, less burdensome, or less expensive, FED. R. CIV. P. 26(b)(2)(C)(I); or places a burden on the party that outweighs its likely benefit, FED. R. CIV. P. 26(b)(2)(C)(iii). The party resisting discovery must show specifically how each document request is overly broad, burdensome, or oppressive. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citations omitted). The recitation of expense and undue burden by the objecting party cannot be merely conclusory. *Id.*

---

[2]

Local Rule CV-26(d) provides the following observations about the meaning of the phrase, "relevant to the claim or defense of any party:"

(1) It includes information that would not support the disclosing parties' contentions;
(2) It includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;
(3) It is information that is likely to have an influence on or affect the outcome of a claim or defense;
(4) It is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and
(5) It is information that reasonable competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

*Id.*

IV. DISCUSSION

A. Interrogatory No. 17 and Request for Production No. 62

Plaintiffs' Interrogatory No. 17 seeks information about NAPA employees who were disciplined for changing time records. Request for Production No. 62 is directly related, in that it requests documents evidencing the disciplinary action taken against individuals identified in response to Interrogatory No. 17.

(1) Defendants' First Objection: Overbroad, Unduly Burdensome & Not Relevant

Defendants argue that these requests are overbroad and unduly burdensome because they place no limitation on the geographic or temporal scope of the requests. For these reasons, Defendants imposed their own limitations. First, Defendants provided responses only as to the Jasper, Texas location where Plaintiffs work(ed). Upon further prodding by Plaintiffs, Defendants supplemented their responses by providing information regarding the twenty-nine NAPA locations within the Houston District. Defendants claim that their unilateral decision to limit production of relevant documents and information was appropriate; and that "any demand by Plaintiff for further supplementation is unwarranted and unsupported by the relevant case authority." (Def.s' Resp. to Pl.s' Am. Mot. to Compel at 8).

In support of this position, Defendants first direct the Court to *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006), a case in which the United States Court of Appeals for the Fifth Circuit reviewed a district court's dismissal of a plaintiff's Title VII claim that he was improperly passed over for a promotion. At the trial court level, the *Pacheco* plaintiff requested the identity of all persons who

had been promoted in the defendant's Southwest business region. The district court limited this request to the facility where the plaintiff was employed. This ruling was not the issue addressed by the Fifth Circuit in *Pacheco*. But, as an aside, the *Pacheco* court commented that there was no indication in the record that the district court had abused its discretion by imposing this discovery limitation. *Id.* at 792. Defendants seek to convert this *dicta* into a decree that discovery in employment cases should be limited to the specific facility at which the plaintiff was employed. The Court cannot accept this interpretation.

Aside from the fact that the cited passage is *dicta*, *Pacheco* is distinguishable from the case *sub judice* in several respects. Most obviously, *Pacheco* concerned a Title VII discrimination claim, whereas, here, Plaintiffs bring claims under the FLSA as a putative collective action. The Court disagrees with Defendants' suggestion that, simply because both *Pacheco* and this case involve "employment related claims," the distinction is irrelevant. (Def.s' Resp. to Pl.s' Am. Mot. to Compel at 9). Further, the information requested by the plaintiff in *Pacheco* was "of limited relevance" to his claims. *Pacheco*, 448 F.3d at 793. There was "no nexus between the plaintiff's claim and the records that the plaintiff sought." *Id.* at 793 (citation omitted). Here, there is certainly a nexus between the information Plaintiffs seek and their claims in this lawsuit. *See* LOCAL RULE CV-26(d). The information is highly relevant.

In addition, geographic commonality is not necessary to satisfy the FLSA collective action's "similarly situated" requirement. *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 539-40 (S.D. Tex. 2008); *Kuperman v. ICF Int'l*, No. 08-565, 2008 U.S. Dist. LEXIS 88605, at *23, 2008 WL 4809167 (E.D. La. Nov. 3, 2008) (citing *Donohue v. Francis Servs.*, No. 04-170, 2004 U.S. Dist. LEXIS 9355, *7, 2004 WL 1161366 (E.D. La. May 24, 2004)); *Stillman v. Staples, Inc.*, No. 07-849 (KSH), 2007

U.S. Dist. LEXIS 58873, at *2 (D.N.J. July 30, 2007) (citing *Lockhart v. Westinghouse Credit Corp.*, 879 F.2d 43, 52 n.10 (3d Cir. 1988)). Rather, the focus is on whether the employees were impacted by a common policy. *Stillman*, 2007 U.S. Dist. LEXIS 58873, at *2 (citing *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 405 (D.N.J. 1988), *aff'd*, 493 U.S. 165, 170 (1989)). So, information about employees in other parts of the country is relevant to Plaintiffs' claims. Because geographic commonality is not a "similarly situated" requirement, imposing geographic restrictions on discovery would be somewhat arbitrary and could obscure relevant information.

Regardless, Defendants have not met their burden to show that production of the information relating to the identity of the disciplined employees (and the related documents) would be unduly burdensome. They have simply asserted in conclusory fashion that "nationwide discovery" would be "extensive and burdensome." (Def.s' Resp. to Pl.s' Am. Mot. to Compel at 9). Plaintiffs have requested specific information about employees who were disciplined for a single brand of misconduct ("altering time records"). While Defendants have reminded the Court that they have a nationwide operation involving hundreds of retail locations and thousands of employees, they have made no representations as to what sort of efforts or investigation would be necessary to compile the information Plaintiffs request. The Court is without information as to whether Defendants disciplined hundreds of employees in the last few years, or merely dozens. And, the Court has no information regarding the kind or number of records Defendants would have to review in order to comply with Plaintiffs' request. Likewise, the Court is without information about the specific efforts necessary to carry out the review. Defendants have not stated whether their discipline records are stored as paper copies or electronic files. They have not explained whether the records scattered across the country, or stored in one centralized location. Further, they have made no representations

whatsoever about the time needed to gather the records. As such, the Court can only guess about whether the required efforts to compile the requested information would be burdensome or simple. For this reason, Defendants fail to show that Plaintiffs' requests are overbroad or unduly burdensome.

Still, it is clear that Interrogatory No. 17 is temporally overbroad. The statute of limitations for FLSA claims is generally limited to three years. *See Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 897 (E.D. Tex. 1997) (explaining an action must commence within two years after the FLSA violation, or within three years if a willful violation is involved; while the continuing violations doctrine provides an exception to the limitations period). Therefore, discipline records older than three years are unlikely to be relevant to this lawsuit; and therefore, are not discoverable.

(2) Defendants' Second Objection: the Discovery Requests are Premature

Defendants next argue that even if the Court determines that Plaintiffs' requests are not too broad or burdensome, the motion to compel is premature. More precisely, Defendants object to producing information about employees who were disciplined for altering time records because the case has not yet been certified as a collective action.

The Court acknowledges that certain courts have determined that discovery of information about putative opt-in class members is not appropriate before a collective action is authorized. *See, e.g., Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003); *Stephens v. Erosion Containment Mgmt, Inc.*, No. 8:07-CV-1995-T-30MAP, 2008 U.S. Dist. LEXIS 40986, at *3, 2008 WL 2157095 (M.D. Fla. May 21, 2008); *Barton v. Pantry, Inc.*, No. 1:04CV00748, 2006 U.S. Dist. LEXIS 62989, at *5, 2006 WL 2568462 (M.D.N.C. Aug. 31, 2006); *see Knutson v. Blue*

*Cross and Blue Shield of Minn.*, 254 F.R.D. 553, 557-58 (D. Minn. 2008) (denying plaintiff information requested solely to solicit others to participate in the lawsuit). But, an equal number of courts have reached the opposite conclusion. *See, e.g., Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 553-554 (N.D. Ill. 2008) (citing several cases for the proposition that "provisional certification is not necessarily a prerequisite for conducting limited discovery" for defining the proposed class); *Fei v. WestLB AG*, No. 07CV8785(HB)(FM), 2008 U.S. Dist. LEXIS 33310, at *5-6, 2008 WL 594768 (S.D.N.Y. April 28, 2008) (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) and other cases for the proposition that conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members); *Stillman v. Staples, Inc.*, No. 07-849 (KSH), 2007 U.S. Dist. LEXIS 58873, at *2-3 (D.N.J. July 30, 2007) (citing numerous cases and for the proposition that discovery aimed at gathering information about whether similarly situated plaintiffs exist is relevant and the proper topic for an interrogatory even before the collective action is certified); *Morden v. T-Mobile USA, Inc.*, No. C05-2112 RSM, 2006 U.S. Dist. LEXIS 42047, at *6-7, 2006 WL 1727987 (W.D. Wash. June 22, 2006), *see Morales v. Plantworks, Inc.*, No. 05 Civ. 2349(DC), 2006 U.S. Dist. LEXIS 4267, at *6, 2006 WL 278154 (S.D.N.Y. Feb. 1, 2006) (citing *Sperling* and ordering production of information about potential opt-ins after denying conditional certification); *Flores v. Osaka Health Spa, Inc.*, No. 05 Civ. 962VMKNF, 2006 U.S. Dist. LEXIS 11378, at *9, 2006 WL 695675 (S.D.N.Y. March 16, 2006) (citing the remedial purpose of the FLSA and the broad discretionary power of the court as the basis for ordering defendants to disclose the names of potential opt-in plaintiffs after denying conditional certification of a collective action). The Court agrees with the reasoning of this latter group of cases. Given the remedial purpose of the FLSA and the Court's broad discretion under Rule 26, the Court finds that Plaintiffs' discovery requests for information about employees who were disciplined for altering time records

in the last three years are relevant and appropriate at this stage of the litigation. *See Sperling*, 493 U.S. at 168-70; FED. R. CIV. P. 26.

Allowing Plaintiffs to discover this information at this time may help them demonstrate that a sufficient number of similarly situated plaintiffs exist to conditionally certify the action. *See Fei*, 2008 U.S. Dist. LEXIS 33310, at *5. Conversely, it may underscore inadequacies in the group of potential plaintiffs. *See Detho v. Asia Bilal*, No. H-07-2160, 2008 U.S. Dist. LEXIS 57133, at * 7, 2008 WL 2962821 (S.D. Tex. July 29, 2008) (in a case that Plaintiffs' counsel should recall, conditional certification denied when court ordered defendants to provide plaintiff with identities of employees over preceeding three years and plaintiff still could not provide proof that any specific putative class member was interested in joining the suit). Either way, ordering discovery at this early stage will provide more certainty about the merits of the proposed class at the time certification is considered.

(3) Ruling

For these reasons, the Court will order that Defendants respond to Interrogatory No. 17 and produce the documents requested by Request for Production No. 62, but only with respect to disciplinary actions taken within the three years immediately preceding the date on which this action was filed.

B. Interrogatory No. 18

Plaintiffs' Interrogatory No. 18 seeks the names and addresses of all managers who resigned, were discharged, fired, terminated or otherwise separated from NAPA stores within Harris County,

13

Galveston County, Fort Bend County and Jefferson County within the last year. Defendants object that this interrogatory is "compound, vague, and ambiguous, overbroad, unduly burdensome" and seeks information that is not relevant and not likely to lead to the discovery of admissible evidence. (Pl.s' Am. Mot. to Compel at 4). However, the only vagueness or ambiguity is in Defendants' position. Interrogatory No. 18 precisely targets a specific class of employee, within a confined geographic area, during a particular period of time. Defendants' *ipse dixit* claim that the request is overbroad and unduly burdensome is insufficient to show that the interrogatory is improper. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citations omitted). Further, the Court finds that Interrogatory No. 18 seeks relevant information, and is reasonably calculated to lead to the discovery of admissible evidence. Defendants will be ordered to fully and completely answer it.

C. Request for Production No. 61

Finally, Plaintiffs' Request for Production No. 61 seeks "correspondence...regarding [opt-in plaintiff Derrick Ferguson] and/or alteration of time records from or to the following persons: Gary Walding, Philip Tortorich, Jeremy Muell, Charles King."

In their discovery responses, Defendants repeated their stock objection that the request was "vague and ambiguous, overbroad, unduly burdensome and seeks information which is not relevant to the subject matter of the instant litigation and not reasonably calculated to lead to the discovery of admissible evidence." (Pl.s' Am. Mot. to Compel at 5-6). Again, the Court finds these conclusory objections to be ineffectual. *See Quarles*, 894 F.2d at 1485.

Defendants also objected to Request No. 61 "on the grounds that it seeks documents prepared

14

in anticipation of litigation or for trial and/or documents that are protected by the attorney-client privilege and/or work product doctrine." (Pl.s' Am. Mot. to Compel at 5-6). However, the burden is on Defendants to show that applicability the attorney-client privilege or the work-product protection. *United States v. Rodriguez*, 948 F.2d 914, 916 (5th Cir. 1991) (stating that the burden of establishing the attorney-client privilege always rests on the party claiming it); *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985) (the party that invokes either privilege has the burden to prove it); *Logan v. Commercial Union Ins.*, 96 F.3d 971, 976 (7th Cir. 1996) (stating that the burden of proof is on the proponent of the work-product doctrine). Defendants have not identified any specific document sought by Request No. 61 as privileged. So, they fail to show that any responsive document can be withheld on that basis.

Defendants profess that "all responsive documentation has been produced in connection with Request No. 61." But, to the extent that they have not done so already, Defendants will be ordered to fully respond to the request.

V. CONCLUSION

For the reasons stated above, the Court will grant *Plaintiff Derek Ferguson's First Amended Motion to Compel* [Clerk's Docket No. 59]. An order to such effect is entered simultaneously with the issuance of this memorandum opinion.

[THIS SPACE INTENTIONALLY BLANK]
[SIGNATURE PAGE FOLLOWS]

**SIGNED** this 23rd day of July, 2009.

                                                                            Thad Heartfield
                                                                            United States District Judge